# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| VINCENT DUNCAN,<br><br>        Petitioner,<br><br>vs.<br><br>TERRY MAPES,<br><br>        Respondent. | No. C12-0109-LRR<br><br>**ORDER** |

This matter is before the court following transfer from the United States District Court for the Southern District of Iowa. Such transfer occurred on October 25, 2012. The clerk's office filed the action in this district on October 26, 2012. Prior to the case being transferred or on October 23, 2012, the petitioner submitted an application for a writ of habeas corpus (docket no. 1). The petitioner paid the required $5.00 filing fee. *See* 28 U.S.C. § 1914(a) (requiring $350.00 filing fee for civil actions, except that on application for a writ of habeas corpus the filing fee is $5.00).

The petitioner did not comply with Rule 2(d) of the Rules Governing Section 2254 Cases, which requires him to substantially follow the form that is typically utilized by those seeking relief under 28 U.S.C. § 2254. Moreover, a petitioner, before obtaining federal habeas corpus review of his or her state confinement, must first "exhaust" his or her federal claims in the appropriate state forum. *See* 28 U.S.C. § 2254(b)(1)(A). In his application for a writ of habeas corpus, the petitioner does not explicitly address whether he ever pursued timely direct appeals or whether he is still pursuing any type of relief in the Iowa District Court for Tama County. Additionally, a review of *Duncan v. State*, Case No. PCCV006624 (Tama Cnty. Dist. Ct. 2012), *State v. Duncan*, Case No. OWCR12373 (Tama Cnty. Dist. Ct. 2010), *State v. Duncan*, Case No. FECR012569 (Tama Cnty. Dist.

Ct. Feb. 15, 201_), and *In re Detention of Duncan*, Case No. CVCV006796 (Tama Cnty. Dist. Ct. 201_), indicates that the petitioner's criminal and civil matters are still pending in the Iowa District Court for Tama County, the petitioner never filed a timely direct appeal after judgment entered against him or the petitioner is still seeking appellate relief.[1] Because the Iowa Supreme Court has never had an opportunity to review his claims, it is appropriate to dismiss the petitioner's action for failing to comply with 28 U.S.C. § 2254(b)(1)(A).

In sum, because the petitioner did not comply with the exhaustion requirements of 28 U.S.C. § 2254(b)(1)(A), it is appropriate to dismiss the petitioner's action. To the extent he desires a certificate of appealability under 28 U.S.C. § 2253, the court concludes that there are no appealable issues.

**IT IS THEREFORE ORDERED:**

The petitioner's application for a writ of habeas corpus (docket no. 1) is dismissed, and a certificate of appealability is denied.

**DATED** this 26th day of October, 2012.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA

---

[1] Iowa state court criminal and civil records may be accessed at the following address: http://www.iowacourts.gov/Online_Court_Services/. *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (addressing court's ability to take judicial notice of public records).